**UNITED STATES of America et al.,
Plaintiffs-Appellees,**

v.

**Herman DIAMOND,
Defendant-Appellant.**

**No. 74–2273.**

United States Court of Appeals,
Fifth Circuit.

April 24, 1975.

Rehearing Denied May 29, 1975.

---

Herman Diamond, pro se.

R. Jackson B. Smith, Jr., U. S. Atty., Lamar C. Walter, Asst. U. S. Atty., Augusta, Ga., Patricia T. Barmeyer, Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Atlanta, Ga., Wallace H. Johnson, George R. Hyde, John J. Zimmerman, Attys., Dept. of Justice, Washington, D. C., for plaintiffs-appellees.

Before BELL, THORNBERRY and GEE, Circuit Judges:

THORNBERRY, Circuit Judge:

This is an appeal from the district court's granting of a permanent injunction forbidding appellant Diamond "from engaging in or permitting, suffering, or causing, directly or indirectly, any fill or construction operations" on certain salt

water tidal marshlands owned by Diamond. Appellant argues that the injunction must be vacated on four separate grounds: (1) the Secretary of the Army or his designate did not request the bringing of this suit, as required by statute; (2) the District Engineer's granting of a dock permit to appellant in 1965 established a harbor line, and filling shoreward of this line is expressly permitted if begun—as appellant's operations were—before 1970; (3) the marsh in question is not part of a navigable waterway and thus falls outside the jurisdiction of the Corps of Engineers; and (4) appellant's property is above the mean high tide line, and the Corps of Engineers has no authority landward of this line. Finding no error in the findings and conclusions of the district court, we affirm.

■■ (1) 33 U.S.C. § 413 makes it the "duty of United States attorneys to vigorously prosecute all offenders against . . . [sections 401, 403, 404, 406, 407, 408, 409, 411, 549, 686, and 687 of this title] *whenever requested to do so by the Secretary of the Army or by any of the officials hereinafter designated* . .." (emphasis added). The government brought suit against Mr. Diamond pursuant to 33 U.S.C. §§ 403 and 407. Appellant argues that no person authorized by § 413 requested proceedings against him. It is clear, however, that the United States Attorney's duty to prevent violations of the law justifies his taking action against illegal fill operations regardless of who brings the violation to his attention. United States v. Interlake Steel Corp., N.D.Ill.1969, 297 F.Supp. 912. *See also* United States v. Rohm & Haas, 5 Cir. 1974, 500 F.2d 167, 174; Connecticut Action Now, Inc. v. Roberts Plating Co., 2 Cir. 1972, 457 F.2d 81, 87, & n. 11.

■ (2) In 1965 appellant sought and obtained a permit to build a walkway and dock on his property. Up until 1970, riparian owners with open pile structures (docks) could fill shoreward from the dock without a permit, as long as their dock marked the boundary of a designated harbor line. In 1970 the applicable regulation was amended to require a permit for this type of filling, but the new regulation specifically exempted fill operations begun prior to its effective date. 33 C.F.R. § 209.150. Appellant contends that the District Engineer's approval of his dock in 1965 constituted a *de facto* designation of a harbor line. Hence, he argues, because he began his fill operations before 1970, he needs no permit.

The government responds that the Regulations provide a specific procedure for designating harbor lines, and no such lines have ever been established around Diamond's property. Intervenor, State of Georgia, also contends that Diamond is not a riparian owner. The district judge found that "[t]he grant of the permit in 1965 as to the dock facility did not constitute establishment of any harbor line" (App. at 53) and cited United States v. Stoeco Homes, Inc., D.N.J.1973, 359 F.Supp. 672. We note that the relevant portion of the district court opinion in *Stoeco Homes* was disapproved on appeal. United States v. Stoeco Homes, 3 Cir. 1974, 498 F.2d 597, 602–04. The Third Circuit stated in dicta that 33 C.F.R. § 209.150, which as noted permits continuance of fill operations directed shoreward of existing harbor lines and begun prior to the effective date of the new Regulation, "appears to refer to actual harbor lines established by any authority." 498 F.2d at 604. The court also noted that the district court failed to mention the new Regulation and that the evidence tended to show the government had in fact designated harbor lines in the area involved in that case.

In the case before us the district judge considered the effect of 33 C.F.R. § 209.-150(b)(2). He held that the evidence showed that harbor lines are designated only in accordance with formal procedures and that no harbor lines have been established in the area of Diamond's property. These conclusions have not been shown to be incorrect. We see nothing in § 209.150 suggesting that the Regulation is concerned with any harbor

lines but those established in accordance with the procedure set out in § 209.-150(c) and its predecessors. Thus, appellant gained no right to fill the marsh by obtaining the dock permit.

(3) Appellant also contends that Richardson Creek, the body of water adjoining his land, is not navigable and thus that the Corps of Engineers has no jurisdiction over it. The district court found as a fact that "Richardson Creek is navigable within the meaning of the Rivers and Harbors Act of 1899 (33 U.S.C. §§ 403, 407) and the Regulations promulgated pursuant thereto" (App. at 46). Appellant's main argument here is that Richardson Creek is not navigable because it has no interstate or foreign commerce and is not always navigable in fact. These two tests, however, are not necessarily controlling on legal navigability. *See* United States v. Holland, M.D.Fla.1974, 373 F.Supp. 665, 668–70; United States v. Lewis, S.D.Ga.1973, 355 F.Supp. 1132, 1136–39; United States v. Underwood, M.D.Fla.1972, 344 F.Supp. 486, 489–93; *cf.* United States v. Stoeco Homes, Inc., *supra*, 498 F.2d at 610 ("In tidal waters the test, in our view, remains what it was before 1851, the ebb and flow of the tide"). *But see* United States v. American Cyanamid Co., S.D.N.Y.1973, 354 F.Supp. 1202, 1204–05, aff'd 2 Cir. 1973, 480 F.2d 1132. The district court credited testimony tending to show that Richardson Creek is navigable in fact. Because this finding is not clearly erroneous, Fed.R.Civ.P. 52(a), further inquiry by this court into navigability is precluded.

(4) "[T]he Corps has no power landward of . . . [the mean high tide line] to regulate . . . [the landowner's] conduct or force reconstruction of the topography as it existed before he began work." United States v. Joseph G. Moretti, Inc., 5 Cir. 1973, 478 F.2d 418, 428–29; *cf.* United States v. Holland, *supra*, at 670. United States v. Lewis, *supra*, at 1136–37, 1139–40. Appellant here claims that the district judge clearly erred in accepting testimony by

one government witness and finding as a fact that "the area filled in by Mr. Diamond would have been inundated at mean high water had not the same been filled" (App. at 49). This contention challenges a factual determination by the trial court that can be overturned only for the plainest sort of error. Fed.R. Civ.P. 52(a). No such error appears here.

Affirmed.